FILED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### Southern Division

97 SEP 15 PM 2: 53

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| PAUL R. ELLIS and PEGGY ANN ELLIS, on their own and on behalf of all others similarly situated, <br>     Plaintiffs; <br><br> -vs.- <br><br> GENERAL MOTORS ACCEPTANCE CORP., <br> d/b/a GMAC Financial Service, <br>     Defendants. | No. CV-97-P-0096-S <br><br><br> ENTERED <br><br> SEP 15 1997 |

## OPINION

Defendant General Motors Acceptance Corporation's ("GMAC") Motion To Dismiss was considered at a prior motion docket. For the following reasons, the defendant's motion is due to be GRANTED.

## FACTS[1]

On May 22, 1995, plaintiffs Paul and Peggy Ann Ellis bought a 1993 Saturn SL2 from Royal Oldsmobile ("Royal") in Birmingham, Alabama. They financed the purchase of the car and an extended warranty through a Retail Installment Contract ("RIC"). The loan was immediately assigned to the defendant GMAC. The RIC was a standard contract form prepared by GMAC and provided to Royal and other dealers by GMAC. The RIC itemized the amounts that the Ellises were financing. It contained a separate category for amounts paid to third parties on the Ellises'

---

1. For the purposes of this Motion to Dismiss the factual allegations of the plaintiff's complaint are accepted as true. *South Florida Water Mgmt. District v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996).

behalf. In this category, the RIC listed $1,995 as having been paid "to others" for the extended warranty. The Plaintiffs allege that in fact, some lesser amount, perhaps only a half of the $1,995 was paid to a third party for the extended warranty and that the remainder was kept by the dealer. The Plaintiffs allege that this practice was a guise to inflate the dealer's profit and the amount the Ellises financed without their knowledge. The Plaintiffs further allege that this misrepresentation is made in virtually every retail installment contract that is financed through or assigned to GMAC.

On January 14, 1997, Plaintiffs commenced this action, on behalf of themselves and all others similarly situated, alleging that GMAC's involvement in this alleged practice of concealing the dealer's profit as an amount paid to a third party violates the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") as well as Alabama anti-fraud statutes and the consumer fraud statutes of various states.

## ANALYSIS

### COUNT I

An action brought under Section 1640 of TILA must be brought "within one year from the date of the occurrence of the violation," 15 U.S.C. § 1640(e). A violation "occurs" for purposes of 15 U.S.C. § 1640(e) when the credit transaction is consummated. *Smith v. American Financial Sys., Inc.*, 737 F.2d 1549, 1552 (11th Cir. 1984). The Plaintiffs financed the purchase of their Saturn on May 22, 1995. This lawsuit, was not filed until January 14, 1997, more than one year after the credit transaction in this case was consummated. Accordingly, the plaintiffs' TILA claim is time-barred and due to be dismissed.

2

The Plaintiffs argue that the limitations period provided in Section 1640 should be tolled under either the theory of a "continuing violation" or alternatively "equitable tolling". The court rejects the application of both of these theories in this case.

The "continuing violation" theory is not viable in the Eleventh Circuit. In *American Financial Sys.*, 737 F.2d at 1552 the Eleventh Circuit defined the "occurrence" of a TILA violation as the date a credit transaction is consummated, and rejected nondisclosure as a continuing violation for the purposes of the TILA statute of limitations.

The court also finds that the limitations period contained in Section 1640(e) is not subject to "equitable tolling". While it is well settled that the doctrine of equitable tolling is read into every federal statute of limitations, *Holmberg v. Armbrecht*, 327 U.S. 392, 396-397 (1946), it is also clear that when Congress intends to establish a "jurisdictional time limitation", such limitations periods, in contrast to ordinary statutes of limitation, are not subject to equitable tolling. See *Zipes v. Trans World Airlines, Inc.* 455 U.S. 385, 397 (1982); *Hill v. Texaco, Inc.*, 825 F.2d 333, 334 (11th Cir. 1987). Because the court finds that the limitations period contained in Section 1640(e) is "jurisdictional", it must be strictly construed and is therefore not subject to "equitable tolling".

The Eleventh Circuit has not directly addressed the issue of whether or not Section 1640(e) is "jurisdictional". However, in an analogous exercise of statutory interpretation, the Eleventh Circuit has outlined the reasoning to be applied to this sort of question. In *Hill v. Texaco, Inc.*, 825 F.2d 333 (1987), a case dealing with the limitations provisions of the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801 et seq. (1982), the court addressed the application of "equitable tolling" to statutes like TILA, that expressly establish an exact starting point for a limitations

3

period:

> [E]quitable tolling is a matter of congressional prerogative and cannot be applied in the face of contrary congressional intent. In this case, Congress indicated its contrary intent by specifying that "no action shall be maintained unless commenced within one year . . . of the date of" the violation. . . . These are plain words. We think Congress said what it meant. Unlike other statutory limitations, Congress said nothing here about starting the limitation period upon discovery of the violation or about starting the limitation period once the cause of action accrued.[2] The parties have not cited nor have we been able to find cases where the Supreme Court or this circuit has applied equitable tolling to statutes expressly establishing an exact starting point, such as the date of violation . . . for a limitations period. Precise language combined with the extremely short limitations period convinces us that Congress did not intend for this limitation to be enlarged by the courts.

*Hill*, 825 F.2d at 334-35 (footnotes and citations omitted).

As in *Hill*, the best evidence of Congress' intent to create a jurisdictional limitation in this case is seen in the plain language of TILA, which contains no provision for "equitable tolling" of the one-year limitation period. As with *Hill*, the language of the limitations provision is clear and unambiguous. Section 1640(e) states in pertinent part that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year of the date of the occurrence of the violation." 15 U.S.C. § 1640(e). As with *Hill*, the language expressly establishes an exact starting point for the limitations period, the date of the "occurrence of the violation", not the discovery of the violation or the accrual of a cause of action. Finally, further textual evidence is seen in the fact that Congress placed the limitations period language in the same sentence that creates the substantive right to sue - and thereby creates

---

2. Limitations periods expressed in terms of when an a "cause of action accrues" have consistently been read by federal courts to mean a given time after the plaintiff knows or should know of the injury or violation. See, e.g., *Hill*, 825 F.2d at 335; *Bridgford v. United States*, 550 F.2d 978, 981-82 (4th Cir. 1977); *Exnicious v. United States*, 563 F.2d 418, 420-21 (10th Cir. 1977).

federal court jurisdiction. 15 U.S.C. § 1640(e).

More evidence of congressional intent to create a jurisdictional limitation is found in the legislative history of the act subsequent to its original enactment. In 1980 Congress amended Section 1640(e) to specify that the defense of recoupment would survive the running of the limitations period. This amendment would have been unnecessary if Section 1640(e) were not jurisdictional, as a recoupment claim is never barred by an ordinary statute of limitations. See *Hardin v. City Title & Escrow Co.*, 797 F.2d 1037, 1039-40 (D.C. Cir. 1986)(MacKinnon, Bork & Scalia, J.J. stating in dicta that this legislative history demonstrates congressional recognition of the fact that §1640(e) is a jurisdictional limitation); *Ramadan v. The Chase Manhattan Corp.*, Civ. No. 96-3791, slip op. (D.N.J. April 29,1997)(holding that the 1980 amendment made it clear that 1640(e) is jurisdictional and that equitable tolling does not apply). This legislative history confirms the inference that can be drawn from the text - that the limitations period in Section 1640(e) is jurisdictional and that therefore "equitable tolling" cannot be used to resurrect the Plaintiffs' time-barred claims. This court is not at liberty to disregard the jurisdictional limitation imposed by Congress in Section 1640(e). Because the Plaintiffs' complaint was filed more than one year after the occurrence of the violation, the Plaintiffs' TILA claim must be dismissed.

An additional ground for granting the Motion to Dismiss is found under the assignee liability provision of TILA, 15 U.S.C. § 1641(a). GMAC, as an assignee, can not be liable for an alleged TILA violation unless "the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement . . . ." *Id.* Because the court finds that GMAC is an assignee, and that the alleged violation is not "apparent on the face" of the disclosures, the

5

Motion to Dismiss is due to be granted. GMAC is clearly an "assignee" of the RIC, and only the dealer, Royal, can be considered a "creditor" under the relevant regulations. 12 C.F.R. § 226.2 (17), Comments App. A-2(a)(17)(2). Likewise, the alleged TILA violation is not apparent on the face of the RIC. Nothing in the Plaintiffs' complaint alleges or even creates a reasonable inference, that GMAC had reason to doubt the accuracy or validity of the warranty charge in the RIC, based on the information contained "on the face of" the RIC.[3/]  Where no indication exists from the disclosure documents themselves that there may be misstatements or inaccuracy, there is no basis for assignee liability under Section 1641(a). Accordingly this case is due to be dismissed for failure to state a claim of assignee liability under 15 U.S.C. § 1641(a).

## COUNTS II AND III

Having dismissed the Plaintiffs TILA claim, there is no reason to exercise supplemental jurisdiction over the Plaintiffs' state law claims asserted in Counts II and III. The Plaintiffs state law claims are accordingly due to be dismissed. See, 28 U.S.C. § 1367 (c)(3).

## CONCLUSION

The Defendant's Motion To Dismiss is due to be granted because the Plaintiffs' TILA claim is time-barred by the jurisdictional limitation period contained in 15 U.S.C. § 1640(e) and because the Plaintiffs' complaint fails to state a claim for which relief can be granted for

---

3. The Defendant's alleged actual knowledge of the true cost of the warranty or the practice of inflating the price is not an exception to the "on the face requirement" and thus it alone cannot give rise to assignee liability under Section 1641.

6

assignee liability under 15 U.S.C. § 1641(a). The Plaintiffs' state law claims are due to be dismissed because the court declines to exercise its supplemental jurisdiction where the claims over which it had original jurisdiction have been dismissed.

Dated: September 15, 1997

　　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge Sam C. Pointer, Jr.

Service List:
    John M. Johnson, Esq.
    Floyd D. Gaines, Esq.
    Richard C. Godfrey, Esq.
    Scott W. Fowkes, Esq.
    Michael A. Bender, Esq.
    William J. Baxley, Esq.
    Roger W. Kirby, Esq